ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA A. WOOD - State Bar No. 269562
jwood@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
*Shuffle Master, Inc.*

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHUFFLE MASTER, INC., a Minnesota corporation, | CASE NO.: CV12-07399 RGK (SHx) |
| Plaintiff, | **[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| VIADEN GAMING LIMITED, a Minsk corporation, and ARAWELLA CORPORATION, an Illinois corporation, | |
| Defendants. | |

(Note: "PROPOSED" is struck through)

Having considered the Complaint on file in this action, Defendants Viaden Media, LLC, named in the Complaint as Viaden Gaming Limited ("Viaden"), and Arawella Corporation's ("Arawella") (collectively, "Defendants") Offer of Judgment and Plaintiff Shuffle Master, Inc.'s ("SHFL") acceptance of the Offer of Judgment, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over each of the Defendants.

2. Plaintiff shall take judgment against Defendants, jointly and severally, in the amount of $100,000, inclusive of all attorney's fees and costs now or hereafter incurred or accrued by Plaintiff in connection with this action.

3. Defendants shall be and hereby are permanently enjoined and restrained from October 26, 2012 and thereafter from infringing the LET IT RIDE, THREE CARD POKER, CASINO WAR, CARIBBEAN STUD and PAIR PLUS marks, the Let It Ride Logo, the Three Card Poker featuring Pair Plus Game Design and Layout, the Casino War Logo, the Casino War Game Design and Layout, the Caribbean Stud Poker Logo, and the Caribbean Stud Poker Game Design and Layout (the foregoing capitalized terms shall take their respective meanings from paragraphs 18-37 and 40-45 of Plaintiff's complaint and the attendant proofs of federal registration attached thereto) (collectively, the "Plaintiff's Intellectual Property") as follows:

    a. Using, displaying, advertising, promoting, registering, licensing, transferring, or assigning, any of Plaintiff's Intellectual Property on or in connection with the following games: "Let 'em Ride," "Poker Three" (which includes a side bet entitled "Pair Plus"), "Card Wars," and "Caribbean Poker" (collectively, the "Infringing Games");

    b. Using, offering for sale, selling, or licensing any of the trademarks embodied in Plaintiff's Intellectual Property on or in connection with the Infringing Games in a manner causing actual confusion,

|   |   |                                                                                                                                                                                                             |
|---|---|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |   | mistake, deception, or public misunderstanding that such games are produced or provided by plaintiff, are sponsored or authorized by Plaintiff, or rare in any way connected or related to Plaintiff;        |
| c.|   | Using, offering for sale, selling, or licensing any of the trademarks embodied in Plaintiff's Intellectual Property on or in connection with the Infringing Games causing actual dilution of the distinctiveness of those trademarks; |
| d.|   | Passing off or palming off the Infringing Games as those of Plaintiff; and                                                                                                                                   |
| e.|   | Reproducing, distributing, displaying, selling, offering for sale or licensing the Infringing Games in a manner that copies protected elements of the copyrights embodied in Plaintiff's Intellectual Property in violation of U.S. law. |
| f.|   | Notwithstanding anything to the contrary contained herein, with respect to the use, display, advertising or promotion of the Infringing Games via online software or any application sold or distributed via the internet, Defendants shall only be restrained and enjoined in connection with any domain name or web site shown by clear and convincing evidence to be within Defendants' actual and direct control. |

4. The Court retains jurisdiction to enforce the Judgment and Permanent Injunction.

5.  The Court expressly determines that there is no just reason for delay in entering this Judgment and Permanent Injunction pursuant to Federal Rule of Civil Procedure 54(a), and the Court enters this Judgment and Permanent Injunction against Defendants.

**IT IS SO ORDERED, ADJUGDED AND DECREED.**

DATED: November 27, 2012    By: /s/ Gary Klausner
                               HON. R. GARY KLAUSNER
                               United States District Court Judge